UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHASE WELLS,

                                    Petitioner,

v.

WARDEN BRIETENBACH,

                                    Respondent.

Case No.: 3:26-cv-00302-MMD-CLB

ORDER

*Pro se* Petitioner Chase Wells has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1 ("Petition")), motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 1 ("IFP Motion")), and motion for appointment of counsel (ECF No. 1-2 ("Motion for Counsel")). Based on Wells's Financial Certificate (ECF No. 4), the Court finds that good cause exists to grant the IFP Motion. However, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court defers ruling on the Motion for Counsel and orders Wells to show cause as to why his Petition should not be dismissed with prejudice as untimely.

## I.    BACKGROUND[1]

Wells challenges his state court conviction in *State of Nevada v. Chase Wells*, C-17-326935-2. Wells was arrested after police "lawfully search[ed] his vehicle and f[ound] numerous fraudulent items usually used to establish financial forgery labs or labs to make counterfeit cards." The state court entered a Judgment of Conviction on April 12, 2018, following a guilty plea, convicting Wells of establishing or possessing a financial forgery

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts found here and here.

laboratory. Wells was sentenced under the large habitual criminal statute to life with the possibility of parole after ten years. Wells appealed, and the Nevada Court of Appeals affirmed on April 22, 2021. *Chase Thomas Wells v. State of Nevada*, No. 75903-COA. Remittitur issued on May 17, 2021.

Wells filed a state habeas petition on May 12, 2022. *Chase Wells v. Calvin Johnson*, A-22-852478-W. The state court denied the petition on September 6, 2022. Wells appealed, and the Nevada Court of Appeals affirmed in part, reversed in part, and remanded on June 13, 2023. *Chase Thomas Wells v. Calvin Johnson*, No. 85449-COA. Following the remand, the state court conducted an evidentiary hearing and then again denied Wells's petition on June 11, 2024. Wells appealed, and the Nevada Court of Appeals affirmed on May 6, 2025. *See Chase Thomas Wells v. Calvin Johnson*, No. 88954-COA. Remittitur issued on May 27, 2025.

## II.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). It appears that Wells's Petition is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). For a

Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *see also Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Wells's direct appellate review concluded on April 22, 2021 with the Nevada Court of Appeals' affirmation of his judgment of conviction. As such, Wells's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 150[2] days later on September 19, 2021. The federal statute of limitations began to run the following day on September 20, 2021. Wells timely filed his state habeas petition on May 12, 2022, tolling the AEDPA clock. As a result, 234 days elapsed between the finality of the judgment and the filing of the state habeas petition. The remaining 131 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Wells's state habeas petition. Tolling ended on May 27, 2025 when the remittitur issued. The AEDPA clock restarted the following day on May 28, 2025 and expired 131 days later on October 6, 2025. Wells's Petition was transmitted to the Court

---

[2]At this time, a petitioner's deadline to file a Writ of Certiorari was extended from 90 days to 150 days due to the Covid-19 pandemic. The 150-day filing deadline was in effect until July 19, 2021.

on or about April 24, 2026. Because Wells's Petition was transmitted 200 days after his AEDPA statute of limitations expired, it appears that it is untimely.

Wells must show cause as to why his Petition should not be dismissed with prejudice as time barred. In this regard, Wells is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Wells ultimately has the burden of proof on this "extraordinary exclusion." *See id*. at 1065. Wells must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *See, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Wells is further informed that, under certain circumstances, the one-year limitation period may begin running on a later date[3] or may be statutorily tolled. And Wells is

---

[3] 28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

**III.     CONCLUSION**

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further ordered that Wells show cause on or before May 29, 2026, unless more time is requested and approved, as to why his Petition should not be dismissed with prejudice as untimely.

DATED THIS 11th Day of May 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5