UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHASE WELLS,

Petitioner,

v.

WARDEN BRIETENBACH,

Respondent.

Case No. 3:26-cv-00302-MMD-CLB

ORDER

I.   SUMMARY

*Pro se* Petitioner Chase Wells filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a motion for appointment of counsel. (ECF Nos. 1-1 ("Petition"), 1-2 ("Motion").) Following an initial review of the Petition, the Court deferred ruling on the Motion and ordered Wells to show cause as to why his Petition should not be dismissed with prejudice as untimely. (ECF No. 5.) Wells timely responded, filing a motion to show cause. (ECF No. 7 ("Response to OSC").)

II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires

after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 & n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between the finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 & n.1 (9th Cir. 2006).

Wells's direct appellate review concluded on April 22, 2021, with the Nevada Court of Appeals' affirmation of his judgment of conviction. As such, Wells's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 150[1] days later on September 19, 2021. The federal statute of limitations began to run the following day: September 20, 2021. Wells timely filed his state habeas petition on May 12, 2022, tolling the AEDPA clock. As a result, 234 days elapsed between the finality of the judgment and the filing of the state habeas petition. The remaining 131 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Wells's state habeas petition. Tolling ended on May 27, 2025 when the remittitur issued. The AEDPA clock restarted the following day, May 28, 2025, and expired 131 days later on October 6, 2025. Wells's Petition was transmitted to the Court on or about April 24, 2026, meaning it was transmitted 200 days after his AEDPA statute of limitations expired.

---

[1]At this time, a petitioner's deadline to file a Writ of Certiorari was extended from 90 days to 150 days due to the Covid-19 pandemic. The 150-day filing deadline was in effect until July 19, 2021.

Wells does not appear to dispute the untimeliness of his Petition; rather, in his Response to OSC, Wells appears to argue that he is entitled to equitable tolling because (1) he was unaware of the deadline for filing his federal habeas petition; and (2) his personal property was lost when he was moved to a different prison. (ECF No. 7.) The Court will discuss these two arguments in turn.

The Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Fla.*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See id*. at 649. To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc). To satisfy the second element, a petitioner must demonstrate that the extraordinary circumstances were the *cause* of his untimeliness. *See Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).

Wells explains that he was "sent the material[s he] needed to properly file [his federal habeas petition] along with 1 page of instructions at the beginning of July" 2025. (ECF No. 7 at 3.) Wells explains that he was then transferred from Ely State Prison to Carlin Conservation Camp to Lovelock Correctional Center in or around August 2025, resulting in him losing "most of [his] property/papers." (*Id*.) Wells was able to contact his state post-conviction counsel in April 2026 to ask for "a list of papers" that he needed to file his federal habeas petition. (*Id*. at 3-4.) Wells then asked the law library for the appropriate forms and conducted research to determine how to fill out those forms. (*Id*. at 3.) During this time, Wells was under the impression that his deadline to file his federal habeas petition was May 5, 2026. (*Id*.)

Wells attached a letter from his state-postconviction counsel to his Response to OSC. (*Id*. at 7.) That letter is dated June 2, 2025, but the prison's time stamp shows that it was not received until July 21, 2025. (*Id*. at 6-7.) Wells's state post-conviction counsel wrote:

> Enclosed is the Order of Affirmance filed with the court in your case. As we have discussed, your year to file a Petition for Writ of Habeas Corpus in the federal court runs during the same time as your year to file in the State court. However, the clock is tolled in federal court pending your state proceedings. Now that the Remittitur was issued on 5/27/25, your state case is closed, and your time to file in federal court is again running. If you plan to file for relief in the federal court I suggest you do so immediately and have enclosed some instructions for you. I will not be your appointed attorney in federal court, so you must apply for appointment of attorney in federal court if you wish to proceed with one.

(*Id*. at 6.)

The Court finds that Wells is not entitled to equitable tolling. First, as to Wells's lack of awareness of his AEDPA deadline, the Ninth Circuit has held that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone." *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[Petitioner]'s inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling."). Moreover, Wells's belief that his AEDPA deadline did not expire until May 5, 2026, was unreasonable given that he received his state post-conviction counsel's advice on July 21, 2025 that he should file his federal habeas petition "immediately."

Second, as to Wells's personal property being lost when he moved prisons, the Ninth Circuit has held that a petitioner's "complete lack of access to a legal file may constitute an extraordinary circumstance" because "it is 'unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (quoting *Espinoza-Matthews v. Cal.*, 432 F.3d 1021, 1027-28 (9th Cir. 2005)). In

4

such cases, the Court must "determine whether: (1) the lack of access to his legal file made a timely filing impossible, and (2) [the petitioner] pursued his rights diligently." *Id*. Because Wells reports that he had all the materials he needed to file his federal habeas petition on July 21, 2025, his lack of access to his legal files starting the following month did not make the filing of his federal habeas petition impossible. Indeed, Wells fails to explain why he was unable to file his federal habeas petition promptly after receiving his state post-conviction counsel's letter, especially since he was advised to do so. Moreover, Wells fails to explain why it took him eight months (i.e., from August 2025 until April 2026) to ask his state post-conviction counsel for copies of his legal files. This demonstrates a lack of diligence.

Because Wells has not demonstrated he is entitled to equitable tolling, the Court dismisses the Petition as time barred.

## III.     CONCLUSION

It is therefore ordered that the Petition is dismissed with prejudice as time barred. A Certificate of Appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is denied as moot.

It is further ordered that the Response to OSC (ECF No. 7) is denied.

///

///

///

///

///

///

///

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[2] (3) informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's Office, (4) enter final judgment, and (5) close this case.

DATED THIS 1st Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]No response is required from Respondents other than to respond to any orders of a reviewing court.